MYRON WARD

[Your Mailing Address]

[City, State, ZIP Code]

661-371-0934

Myron Ward
Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Case: 1:25-cv-00361
Assigned To : Unassigned
Assign. Date : 02/05/2025
Description: TRO/PI (D–DECK)

Myron Ward,

    Plaintiff/Petitioner,

    v.

ELON MUSK, in his official capacity as Director of the Department of Government Efficiency (DOGE),
UNITED STATES DEPARTMENT OF THE TREASURY,
DEPARTMENT OF GOVERNMENT EFFICIENCY (DOGE),
DOES 1-#,

    Defendant/Respondent

Case No.:

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIONS, AND FOR DAMAGES

Date: [To be Set by Court]
Time: [To be Set by Court]
Courtroom: [To be Set by Court]
Judge: [To be Assigned]
Date Action Filed: [Leave Blank]
Trial Date: Not Yet Set

**Plaintiff alleges:**

1  **Plaintiff's Identity and Residency**

    Plaintiff MYRON WARD is, and at all times mentioned in this complaint was, a U.S. citizen currently residing in Bakersfield, California.

RECEIVED
FEB - 5 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to **28 U.S.C. § 1331**, as this case arises under the United States Constitution and federal law.

2. Venue is proper in this Court pursuant to **28 U.S.C. § 1391(e)(1)**, as Defendants are agencies and officials of the United States government, and a substantial part of the events giving rise to this claim occurred in Washington, D.C.

### Injunctive Relief

3. At all times alleged herein, Plaintiff has had a personal right and legal interest in receiving timely and secure unemployment benefits, which are being threatened by the Defendant's actions and will cause irreparable harm if not enjoined by the Court.

### Defendant's Identity and Duties

4. Defendant ELON MUSK is the appointed Director of the Department of Government Efficiency (DOGE) and has authority over its operations and policies, including its involvement in federal financial systems. Defendant **DOGE** is a government entity responsible for overseeing the Treasury's payment systems. **UNITED STATES TREASURY** is the government agency responsible for administering federal benefits, including unemployment payments.

Defendants have a legal duty to ensure that unemployment benefits are administered securely and in a timely manner, and they are responsible for the actions threatening to disrupt these essential services.

**Fictitious Defendants**

5. Defendants **DOES 1** through **DOES #**, inclusive, are sued in this complaint under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint and that Plaintiff's injuries were proximately caused by these defendants.

# FIRST CAUSE OF ACTION

**(For Preliminary and Permanent Injunction Against Defendants)**

2  **Defendants' Wrongful Conduct**

Beginning on or about 02/01/2025, Defendants, and each of them, have exercised unauthorized and unconstitutional control over the Treasury's payment systems, that threatens possible delays and disruptions to the administration of unemployment benefits. Specifically, Defendants' actions, including disrupting federal funds, which may cause harm to Plaintiff's ability to receive timely unemployment benefits.

3  **Demands for Relief**

Plaintiff respectfully demands that this Court order Defendants to:

(1) Immediately cease any and all interference with the Treasury payment system;

(2) Prohibit DOGE from accessing or administering any aspect of the Treasury Payment System; and

(3) Restore the Treasury Department's sole authority over federal payment processing, ensuring full congressional and executive oversight.

4 **Irreparable Injury**

Defendants' ongoing interference with the Treasury payment system, unless enjoined by this Court, will cause immediate and irreparable injury to Plaintiff, including the delay or denial of unemployment benefits. Such harm threatens Plaintiff's ability to afford basic living expenses, including housing, food, and medical care, which cannot be adequately remedied by monetary damages alone.

**LEGAL BASIS FOR INJUNCTIVE RELIEF**

9. The Supreme Court has held that a preliminary injunction is warranted where:

    a) The Plaintiff is likely to succeed on the merits,

    b) The Plaintiff will suffer irreparable harm without an injunction,

    c) The balance of equities favors the Plaintiff, and

    d) The injunction is in the public interest. **Winter v. NRDC, 555 U.S. 7, 20 (2008).**

10. The Supreme Court has also ruled that executive agency overreach violates the separation of powers. See **Seila Law LLC v. CFPB, 140 S. Ct. 2183 (2020)** and **Loper Bright Enterprises v. Raimondo, 142 S. Ct. 1072 (2024)**.

11. Additionally, the **Nondelegation Doctrine** prohibits Congress from granting unchecked power to executive agencies without clear guiding principles. **Gundy v. United States, 139 S. Ct. 2116 (2019).**

12. The Administrative Procedure Act (APA), 5 U.S.C. §§ 553 & 706(2)(A), requires that agencies provide notice and public comment before implementing regulatory changes. Defendants have failed to comply with this statutory requirement.

13. Under 5 U.S.C. § 706(2)(A), agency action must not be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Defendants' control over the Treasury payment system is unlawful as it was neither authorized by Congress nor subject to required regulatory procedures..

5  **Inadequate Remedy at Law**

Plaintiff has no adequate remedy at law for the injuries the Defendants' actions may cause, as an award of monetary damages would not provide an adequate remedy. The only remedy for the Plaintiff is injunctive relief to prevent further harm and restore the proper functioning of the federal unemployment benefits system.

**WHEREFORE, Plaintiff prays for judgment against Defendants as follows:**

1  **For an Order to Show Cause**

For an order requiring Defendants to show cause, if any they have, why they should not be enjoined as set forth in this complaint during the pendency of this action;

2  **For a Preliminary Injunction and Permanent Injunction**

For a preliminary injunction and a permanent injunction, enjoining Defendants and each of them, their agents, servants, and employees, and all persons acting under, in concert with, or for them, from:

a. **Actions to Stop**: Enjoining Defendants from controlling the Treasury's payment system in any manner that disrupts or delays the administration of unemployment benefits.

    b. **Actions to Order**: Enjoining Defendants to restore the proper operation of the Treasury payment system to ensure the timely and secure distribution of unemployment benefits.

3. For Costs of Suit: Plaintiff requests reimbursement for all reasonable legal costs incurred in pursuing this action.

4. For Declaratory Judgment: Plaintiff seeks a declaration that Defendants' actions violate federal law and constitutional protections.

5. For Further Relief: Plaintiff seeks such additional relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 4, 2025, at Bakersfield, CA

Signature:

MYRON WARD

**DATED:** February 4, 2025

**Signature:** MYRON WARD, In Pro Per