UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON WARD,

    *Plaintiff*,

v.

ELON MUSK, *et al.*,

    *Defendants*.

Civil Action No. 25-0361 (UNA)

## ORDER

Myran Ward ("plaintiff"), who resides in Bakersfield, California, Compl. (ECF No. 1) ¶ 1, receives unemployment benefits, *see id*. ¶ 3, most recently on February 1, 2025, via California's Employment Development Department, *see id*., Ex. (ECF No. 1-1). According to plaintiff, the United States Treasury is the "agency responsible for administering federal benefits, including unemployment benefits," *id*., and the Department of Government Efficiency ("DOGE") and its Director are "responsible for overseeing the Treasury's payment systems," *id*. He asserts "a personal right and legal interest in receiving timely and secure unemployment benefits," *id*. ¶ 3, and that "[d]efendants have a legal duty to ensure. . . employment benefits are administered securely and in a timely manner," *id*. ¶ 4.

Plaintiff alleges that defendants "have exercised unauthorized and unconstitutional control over the Treasury's payment systems, [which] threatens possible delays and disruptions to the administration of unemployment benefits." *Id*. at 3. Their actions allegedly "may cause harm to Plaintiff's ability to receive timely employment benefits." *Id*.; *see* Mot. For Temp.

1

Restraining Order (ECF No. 3, "TRO Mot.") at 4; Notice of Mot. And Mot. For Prelim. Inj. (ECF No. 4, "PI Mot.") at 5.  Plaintiff demands, among other relief, an order "[e]njoining Defendants from controlling the Treasury's payment system in any manner that disrupts or delays the administration of unemployment benefits."  Compl. at 5; *see* TRO Mot. at 5; PI Mot. at 7.

"The purpose of a temporary restraining order is to preserve the status quo for a limited period of time until the Court has an opportunity to pass on the merits of the demand for a preliminary injunction."  *M.G.U. v. Nielsen*, 316 F. Supp. 3d 518, 520 (D.D.C. 2018) (citations omitted).  Here, plaintiff does not seek to preserve the status quo, that is, continued and allegedly unlawful interference with Treasury's payment systems.

"[A] preliminary injunction is an extraordinary and drastic remedy . . . that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis in original) (citation omitted); *see Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011).  And a preliminary injunction "chang[ing] the status quo is an even more extraordinary remedy."  *Abdullah v. Bush*, 945 F. Supp. 2d 64, 67 (D.D.C. 2013), *aff'd sub nom. Abdullah v. Obama*, 753 F.3d 193 (D.C. Cir. 2014) (citations omitted).

Whether a temporary restraining order or a preliminary injunction, the Court considers the same factors.  *See, e.g., Fontanez v. Berger*, No. 21-cv-02073, 2022 WL 3646353, at *14 (D.D.C. Aug. 24, 2022) (citation omitted).  "'A plaintiff . . . must establish [1] that she] is likely to succeed on the merits, [2] that [he] is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [his] favor, and [4] that an injunction is in the public interest.'"  *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014) (quoting

*Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011) (alteration in original) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).

Plaintiff's motion is denied because he fails to demonstrate irreparable harm absent an injunction. His "injury must be both certain and great; it must be actual and not theoretical," *Wisc. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam), and here, plaintiff speculates about potential future harm. *See, e.g.,* TRO Mot. at 2 (alleging plaintiff "could suffer irreparable harm"); *id*. at 5 (alleging harm may arise from "potential delays in receiving . . . benefits"); Decl. in Support of Temp. Restraining Order (ECF No. 3-1) ¶ 2 (alleging unemployment benefits "could be interrupted or rerouted in the future" and acknowledging "mere threat of . . . interference"); Compl. at 3 (alleging defendants' action "threatens possible delays and disruptions to the administration of unemployment benefits"). Further, the potential harm plaintiff may suffer is lost income and, ordinarily, "economic loss does not, in and of itself, constitute irreparable harm." *Wisc. Gas*, 758 F.2d at 674.

Accordingly, it is hereby

ORDERED that plaintiff's application to proceed *in forma pauperis* [2] is GRANTED; it is further

ORDERED that plaintiff's motions for injunctive relief [3] [4] are **DENIED WITHOUT PREJUDICE**; and it is further

ORDERED that the Clerk of Court shall assign this case randomly to a judge for further proceedings.

SO ORDERED.

DATE: February 11, 2025

/s/
RUDOLPH CONTRERAS
United States District Judge