UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON WARD,

               Plaintiff,

      v.

ELON R. MUSK, Director,
Department of Government Efficiency, et al.,

               Defendants.

Civil Action No. 25-0361 (ACR)

## DEFENDANTS' REQUEST FOR PRE-MOTION CONFERENCE

Defendants, Elon R. Musk, in his official capacity as Director of the Department of Government Efficiency, the United States Department of the Treasury ("Treasury"), and the Department of Government Efficiency ("DOGE") (collectively, the "Defendants"), "request that the Court schedule a pre-motion conference." *See* Standing Order (ECF No. 8) ¶ 7(f).[1] Plaintiff Myron Ward, *pro se*, filed this Complaint on February 5, 2025. Compl. (ECF No. 1). Defendants intend to move to dismiss the complaint under Federal Rules of Civil Procedure ("Rules") 12(b)(1), and 12(b)(6).

Plaintiff lacks standing and he fails to provide sufficient proof to support a claim. The Complaint alleges that the "Defendants, and each of them, have exercised unauthorized and

---

[1] Defendants understand that filing this pre-motion notice consistent with the Court's standing order will prompt the Court to schedule a pre-motion conference and establish a briefing schedule for any motion resulting from this filing. As such, Defendants understand that the date for it to file the motion to dismiss under Federal Rule of Civil Procedure 12(b) discussed herein will be set by further order of the Court, that the filing of this request triggers the timing provisions of Rule 12(a)(4) such that Defendants' time to file a responsive pleading has been extended, and that Defendants have preserved the defenses identified in this request for purposes of Rule 12(b). If Defendants' understanding is incorrect, Defendants hereby respectfully move to stay their initial response deadline pending further order of the Court to allow for the Standing Order's pre-motion procedures to conclude.

unconstitutional control over the Treasury's payment system," and that such control "threatens possible delays and disruptions to the administration of unemployment benefits." *See* Compl. (ECF No. 1) at 2. Due to these alleged constitutional harms, Plaintiff brings what is best construed as constitutional and Administrative Procedure Act ("APA") claims seeking an order to show cause, injunctive relief, declaratory judgment, and attorneys' fees. *Id.* at 5.

First, Plaintiff lacks standing to bring this suit because the Complaint fails to provide sufficient facts supporting any of the required three elements of Article III standing. Plaintiffs suing in federal court must have standing to raise their claims. *City of Waukesha v. EPA*, 320 F.3d 228, 233 (D.C. Cir. 2003) (citing *Sierra Club v. EPA*, 292 F.3d 895, 898 (D.C. Cir. 2002)). This requires a plaintiff to "show (1) it has suffered a 'concrete and particularized' injury (2) that is 'fairly traceable to the challenged action of the defendant' and (3) that is 'likely' to be 'redressed by a favorable decision,' i.e., a decision granting the plaintiff the relief it seeks.'" *Elec. Priv. Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity*, 878 F.3d 371, 377 (D.C. Cir. 2017) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102, (1998) (quoting *Lujan*, 504 U.S. at 560-61)). The plaintiff caries the burden of establishing these factors. *Tanner-Brown v. Haaland*, 105 F.4th 437, 443 (D.C. Cir. 2024) (citing *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015)). Courts examining a plaintiff's standing "accept facts alleged in the complaint as true and draw all reasonable inferences from those facts in the plaintiffs' favor." *Humane Soc'y of the U.S. v. Vilsack*, 797 F.3d 4. 8 (D.C. Cir. 2015) (citing *Twombly*, 550 U.S. at 556–57).

Here, Plaintiff fails to establish harm, only claiming that he may, hypothetically, suffer harm in the future. This is further supported by Plaintiff's attached Exhibit (ECF No. 1-1) which shows that Plaintiff has apparently continued to receive, uninterrupted, the payments he now claims are in jeopardy. Plaintiff also fails to show how any hypothetical harm would be the result

of actions by the Defendants, as his attached Exhibit shows that he receives *state-based* payments. *Id*. And because the state from which he receives these payments (California) is not present in this litigation, granting any of the relief requested would not ameliorate Plaintiff's hypnotical injury.

Second, the Court should dismiss this Complaint for lack of jurisdiction under Rule 12(b)(1) because Plaintiff seeks an injunction based on an alleged violation of the APA claiming Defendants failed to provide "notice and comment" before implementing changes to federal regulation and for "arbitrary and capricious" actions. but sovereign immunity bars suit. *See* Comp. (ECF No. 1) at 5.

The doctrine of sovereign immunity removes subject matter jurisdiction in lawsuits against the United States and its agencies unless the United States has consented to suit, thereby waiving its sovereign immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *United States v. Sherwood*, 312 U.S. 584, 586 (1941).   Such waiver must be clear, express and unambiguous. *United States v. Nordic Village*, 53 U.S. 30 (1992).  *See also Lane v. Pena*, 518 U.S. 187, 192 (1996) (it is well established that "[a] waiver of the Federal government's sovereign immunity must be unequivocally expressed in statutory text").  A Plaintiff who files a claim against the United States has the burden of alleging an act of Congress that authorizes the court to entertain the specific claim.  *Malone v. Bowdoin*, 369 U.S. 643, 645 (1962).  To the extent Plaintiff's claims may be construed as a claim against the Defendants under the waiver of sovereign immunity found in the APA, 5 U.S.C. § 701 *et. seq*., jurisdiction is still lacking. The APA's waiver of sovereign immunity is limited: only "final agency action for which there is no other adequate remedy in court" is subject to judicial review.  5 U.S.C. § 704.  Yet, Plaintiff alleges no such "final action."

Likewise, his claims should be dismissed for failure to state a claim under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007). While a *pro se* complaint must be "liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), nonetheless, a "pro se complaint, like any other, must present a claim upon which relief can be granted by the court." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981). He offers only labels and "legal conclusions." *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016). The required "plausibility" standard "demands more than an unadorned, the-defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Plaintiff has not met this standard.

This complaint should also "be dismissed on jurisdictional grounds when it 'is "patently insubstantial," presenting no federal question suitable for decision.'" *Tooley v. Napolitano*, 586 F.3d 1006, 1009-10 (D.C. Cir. 2009) (citation omitted) (describing examples).

For these reasons, Defendants intend to move to dismiss and request that the Court schedule a pre-motion conference.

Dated: January 15, 2026
        Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: _____*/s/ Zachary J. Krizel*_____
        ZACHARY J. KRIZEL
        Assistant United States Attorney
        601 D Street, NW
        Washington, DC 20530
        (202) 252-2518
        Zachary.Krizel@usdoj.gov

*Attorneys for the United States of America*